A. M. WILLIAMS v. JOHN SCOTT, Sheriff, Bay County

189 So. 274

Opinion Filed May 23, 1939

*Weldon G. Starry* and *Thomas Sale,* for Petitioner;

*George Couper Gibbs,* Attorney General, *Thomas J. Ellis,* Assistant Attorney General, and *John H. Carter ,Jr.,* for Respondent.

PER CURIAM.—Petitioner was cited for contempt by the Circuit Court of Bay County. He was tried and sentenced to thirty days imprisonment in the county jail and to pay a fine of one hundred dollars. If he defaulted in payment of the fine, he was required to serve an additional thirty days in jail.

Writ of habeas corpus was issued by a Justice of this Court on a petition alleging that petitioner "is unjustly and unlawfully detained at this time by the respondent" Sheriff. The return to the writ by the Sheriff sets up the judgment of contempt as the basis for petitioner's retention. There

was a replication to the return which was demurred to. The cause is now before us for disposition on the motion to discharge petitioner notwithstanding the return.

The contempt citation and judgment were bottomed on a special presentment by the Grand Jury, the part of which relating to petitioner. being as follows:

"That on the afternoon of March 15 or 16, 1939, which was during this session of the Grand Jury, one A. M. Williams, of Bay County, approached Will Boyd, a member of this Grand Jury, in Bay Harbor, in said County, and asked him if he wanted any money, stating that H. A. Pledger had plenty of it, whereupon said Will Boyd told him no. At that time, this Grand Jury had said H. A. Pledger and said A. M. Williams under investigation. That the Grand Jury believes said approach was an attempt to bribe said juror.

"That about 5:00 P. M. on Saturday, March 18, 1939, said A. M. Williams approached C. E. Russ, the foreman of the Grand Jury, in Bay Harbor in said County, and told him that he, the said C. E. Russ, could get $500.00 or $600.00 if he would adjourn the Grand Jury on the morning of March 20, 1939, without returning any further indictments, and that if he would agree to so adjourn said Grand Jury, said Williams would that night put said funds in cash in the safe in the store of J. A. Gilbert in front of which place of business said conversation was taking place, to be had by said Russ as soon as said Grand Jury was adjourned on said Monday morning without returning any further indictments. At the time of said conversation, said A. M. Williams was under investigation by this Grand Jury. His offer was refused.

"That about 8:30 or 9:00 o'clock P. M. on said Saturday, March 18, 1939, in said County, said A. M. Wil-

liams approached H. A. Pledger, the Clerk of the Circuit Court, at the home of said Pledger, and told him if he would let said Williams have $600.00, he could secure the adjournment of this Grand Jury at 9:00 o'clock A. M. on Monday, March 20, 1939, without returning any indictment against said H. A. Pledger, who was then under investigation by this Grand Jury. Said proposition was declined, and said Williams told said Pledger to think it over and Williams would see him again Sunday. They did not see each other on Sunday. That on Monday, March 20, 1939, before 9:00 A. M., said Williams again approached said Pledger in the Court House of Bay County and renewed said proposition, which was declined."

The acts constituting the alleged contempt took place out of the presence of the Court and related to improper proposals by Williams to two members of the Grand Jury, viz.: Will Boyd and C. E. Russ and H. A. Pledger, the Clerk of the Circuit Court of Bay County as may be verified by inspecting that part of the special presentment quoted. Such proposals must be proven in the same manner and to the same degree of certainty as other criminal charges are proven if a valid judgment of contempt is to rest on them. United States v. Carroll, 147 Fed. 947, 49 A. L. R. 987.

This is a companion case to the case of J. Ed Stokes, petitioner, v. John Scott, as Sheriff of Bay County, decided this date. Both cases grew out of a related transaction and except as to the degree of proof, much that we said in our opinion in the Stokes case applies equally to this case. In the Stokes case, we found the evidence of such a nature as to be legally insufficient to support the charge and remanded the petitioner to the Sheriff with directions to the court below to discharge him unless evidence legally sufficient be duly adduced.

In the case at bar, it is charged that petitioner approached Boyd, Russ, and Pledger, and made improper proposals to them in the nature of securing a bribe to adjourn the Grand Jury before making certain investigations. The evidence in support of these charges has been examined and found ample. The main evidence is that of Boyd, Russ and Pledger but their testimony is corroborated in material details by that of Cook, Gilbert, and Thomas. It bears the hallmark of verity and in every respect meets the requirement of legal sufficiency.

There was a failure, in other words, to meet and prove the issue made by the pleadings to the charge laid in the special presentment in the Stokes case while in the instant case, the issue so made was met and proven beyond a reasonable doubt. The judgment of conviction of contempt and the commitment being amply supported by the record, it follows that the petitioner must be, and he is, hereby remanded.

It is so ordered.

TERRELL, C. J., and WHITFIELD, BUFORD, CHAPMAN and THOMAS, J. J., concur.

Justice BROWN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.